McRAE, Justice,
dissenting:
¶ 19. Because our Mississippi Rules of Appellate Procedure do not distinguish between civil and criminal cases and because a defendant’s liberty is more important than a civil judgment, I dissent.
¶ 20. Mississippi Rule of Appellate Procedure 36(c) provides as follows:
(c) Costs on Appeal Taxable in Court Below. Costs incurred in the preparation and transmission of the record, the costs of the reporter’s transcript, if necessary for the determination of the appeal, the premiums paid for cost of supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the appeal shall be taxed in the trial court as costs of the appeal in favor of the party entitled to costs under this rule.
(emphasis added).
¶ 21. The rule does not distinguish between bond in civil cases from that in criminal; nor should it. A defendant who loses a criminal case loses his liberty. A bail bond secures his right to freedom pending appeal just as a supersedeas bond preserves a civil appellant’s right to maintain the status quo until such time as his *302 appeal can be decided. A person’s liberty is at least as important as an appeal with supersedeas.
¶22. Jones is correct when he argues that at the time of his conviction he had a right to bond pending appeal unless the trial court determined that he was a special danger. Miss.Code Ann. § 99-35-115 (1994). This is at least as much of a “right” as that accorded by our provisions allowing for the appeal of civil cases with supersedeas.
¶ 23. Moreover, the majority states that Rule 36 applies only to those costs “required to preserve an appeal.” But since when is supersedeas required to preserve an appeal?
¶24. The majority’s attempt to distinguish a supersedeas bond from a bail bond on the grounds that the former “is made payable to the opposite party and approved by the clerk of the trial court” while the criminal defendant pays his money to a third party (a bail bondsmen) is disingenuous. In both instances, the bond is typically underwritten by a surety company and made payable to the opposite party (in criminal cases, the state is the opposite party). Indeed, Miss. Rule of Appellate Procedure 8(a) governing super-sedeas bonds expressly recognizes the role of the surety.[1] (Likewise, Miss.Code Ann. § 99-35-117 (1994) provides for a bah bond with sureties which are approved by the clerk and the judge or sheriff.) Thus, there can be no differentiating the super-sedeas bond from the bah bond on the grounds that one is paid to a third party and the other is payable to the opposite party. Both are payable to the opposite party, and both are typically paid to a third party although, in either case, the appellant could put up the entire amount himself.
¶ 25. Inasmuch as the majority has provided no real reason for distinguishing between bonds posted in a civil appeal from those pledged in a criminal appeal, I have no choice but to dissent.
BANKS, J., JOINS THIS OPINION.

. Miss. R.App. P. 8(a) reads, in pertinent part: "Stay by Clerk's Approval of Supersedeas Bond. The appellant shall be entitled to a stay of execution of money judgment pending appeal if the appellant gives a supersedeas bond, payable to the opposite party, with two or more sufficient resident sureties, or one or more guaranty or surety companies authorized to do business in this state....” Miss. R.App. P. 8(a)(emphasis added).